SIGNED this 6th day of September, 2013

_____
John C. Cook
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Janice Marie Casteel** | ) | No. 10-17155 |
| | ) | **Chapter 11** |
| **Debtor** | ) | |
| | ) | |
| **Janice Marie Casteel** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | Adv. No. 12-1117 |
| | ) | |
| **Cornerstone Community Bank** | ) | |
| | ) | |
| **Defendant** | ) | |

# M E M O R A N D U M[1]

This adversary proceeding is before the court on the defendant's motion for summary judgment on the complaint initiating this proceeding, which seeks a declaratory judgment determining

---

[1] This memorandum amends and supersedes the oral ruling delivered by the court on September 5, 2013.

the balances of two debts from the plaintiff to the defendant and a money judgment for the alleged overpayment of one of the loans.[2] Having reviewed the motion, briefs, the defendant's statement of undisputed material facts and the plaintiff's response thereto, and the affidavit and other documents submitted by the parties, the court will grant the motion in part and deny it in part. Because proof of claim no. 3 has been amended to reduce its amount to zero, the court will also grant the plaintiff partial summary judgment determining that the balance of that claim is zero.

**I.**

The record reveals the following undisputed material facts. On December 7, 2010, the plaintiff filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On January 3, 2011, the defendant filed proof of claim no. 2-1, asserting a claim in the amount of $72,240.03 and that the claim is secured by a security interest in real property located at 2642 Broad Street and 829 Clark Street in Chattanooga, Tennessee. The debt is evidenced by a promissory note made by Jada Loveless, LLC, which was guaranteed by the plaintiff, as well as Jada Loveless, William T. Loveless, Jr., and Samuel N. Casteel. The plaintiff also executed a deed of trust with respect to the Broad Street/Clark Street property. The proof of claim was amended on August 22, 2011, to reduce its amount to $68,144.15. On September 1, 2011, following the sale of the collateral pursuant to an order of the court, the proof of claim was further amended to add attorney's fees, late charges, publication costs, and an appraisal fee, and to deduct the defendant's share of the proceeds of the sale on the collateral,[3] the net effect of which was to reduce the amount of the claim to $64,544.31.

---

[2] The proof of claim asserting the second claim has been amended to reduce its amount to zero, so there is no dispute that that debt has been satisfied or that the plaintiff is entitled to judgment making that determination.

[3] By an order entered on March 24, 2011, the court authorized the plaintiff to sell the
(continued...)

On September 21, 2011, the proof of claim was amended a third time to add additional attorney's fees, and that amended proof of claim (no. 2-4) asserts a claim in the amount of $70,526.99.

On October 4, 2011, the defendant and Samuel Casteel entered into a settlement agreement, resolving Mr. Casteel's guaranty liability with respect to both of the loans that are the subjects of this adversary proceeding by his payment of the sum of $35,000.00. Of that sum, the defendant applied $27,280.18 to the debt that the plaintiff now contends has been overpaid.

On December 23, 2011, the court entered an order confirming the plaintiff's chapter 11 plan. The plan treatment with respect to the claim in issue in this proceeding, which the plan designates as Class III, reads as follows:

> The Debtor shall pay the sum of $800.00 per month commencing on the Effective Date and continuing monthly for 60 months with a balloon payment for payment in full in month 61 or until the debt is paid in full, whichever comes first. As there are other co-debtors to this debt who may or may not make contributions to the debt there is the distinct possibility that the debt will be paid in full prior to the Debtor making all of the aforementioned payments to this Creditor. The allowed claim shall bear interest at the rate of 4.35%.

The plan set a February 2012 deadline for objections to claims, and the plaintiff has not filed an objection to the defendant's claims.

On December 29, 2011, the defendant, Jada Loveless, and William Loveless entered into a settlement agreement, resolving those individuals' liability to the defendant with respect to the debt that the plaintiff contends has been overpaid, by the payment of $27,446.06 plus interest over a five-year period. The agreement provided that, if there is a default in those payments, a judgment against those individuals would be entered for $66,400.18 plus interest less installment payments made.

---

[3] (...continued)
collateral and, by an agreed order entered on July 22, 2011, the court directed the plaintiff to remit $16,500.00 of the sale proceeds to the defendant.

On March 26, 2012, the defendant filed a motion in the plaintiff's chapter 11 case, seeking an order determining that the plaintiff was in default under her confirmed plan. On August 23, 2013, the court entered an agreed order resolving that motion. The order modified the plan's treatment of the defendant's claim, by adding the following:

> However, if the Debtor fails to make any payments to this creditor in accordance with the Plan, the Debtor will be in violation of the Plan if said failure to make such payments has not been cured by the Debtor within 20 days of writing notice of said default given to her attorney. If Debtor fails to timely cure any default, then Creditor shall automatically and immediately be granted relief from the automatic stay, pursuant to 11 U.S.C. § 362(d), to exercise its rights under the Deed of Trust and Promissory Note, including foreclosure and without any further hearing or notice to any party-in-interest. In the event of a default, the Debtor shall immediately surrender the Real Property to Creditor's designated representative. In which case, Creditor may proceed with all rights and remedies against Debtor without further notice of the Court. Creditor reserves all right and remedies permitted under the law in such case that the default is not remedied within 20 days of the date of the default is given to the Debtor's attorney.

The order thus modified the plan's treatment of the defendant's claim, by requiring a written notice of default in the event that the debtor fails to make a payment on the subject claim and affording her a 20-day opportunity to cure the default.

On November 29, 2012, the defendant notified the plaintiff that she was in default for failing to make the August, September, October, and November payments. The 20-day cure period expired on December 20, 2012, without the alleged default being cured.

On December 17, 2012, the plaintiff filed the complaint initiating this adversary proceeding, which asserts that, since the original proof of claim was filed, payments in excess of $80,000 have been made on the claim in question by the plaintiff and the other guarantors. The plaintiff contends that deducting the payments from the balance of the debt results in the conclusion that the debt has been overpaid by $10,159.97. The defendant, on the other hand, has presented evidence that, since the filing of proof of claim no. 2-4, the debtor has paid $7,400.00, Mr. Casteel has paid $27,280.18,

-4-

and Jada and William Loveless have paid $11,115.00, and that, after applying those payments to the amount of the claim and adding accrued interest, the balance owed as of August 6, 2013, was $38,141.64. The answer filed by the defendant on February 7, 2013, does not assert any counter-claims.

The motion presently before the court seeks a determination that the claim asserted by proof of claim no. 2-4, less payments applied to it, remains owing. The motion also seeks determinations that (a) the plaintiff is in default, (b) she has accrued an arrearage of $10,400.00 plus $800.00 per month after August 2013, (c) the balance of the claim is $27,741.64 plus interest after August 6, 2013, and (d) the defendant is entitled to relief from the automatic stay. However, the defendant has not asserted a counterclaim in this proceeding, so this relief will be denied. The motion also seeks an award of attorney's fees. This relief, too, will be denied because the defendant did not seek such an award by a counterclaim as required by Fed. R. Bankr. P. 7008(b).

## II.

A party is entitled to summary judgment if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the court will construe all reasonable inferences in favor of the non-moving party. *Waeschle v. Dragovic*, 576 F.3d 539, 543 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Where the evidence would permit a reasonable jury to return a verdict for the non-moving party, a genuine issue of material fact exists and summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In the face of a summary judgment motion, the nonmoving party may not rest on its pleadings, but must come forward with some probative evidence to support its claim. *Celotex v. Catrett*, 477 U.S. 317, 325 (1986); *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (holding that nonmoving party must present "some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial"). In the words of Rule 56(c)(1) of the Federal Rules of Civil Procedure, "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

The starting point in determining the balance due on the claim that the plaintiff contends has been overpaid is proof of claim no. 2-4, since the claim asserted by it has been allowed becacause the plaintiff did not object to it. Accordingly, the balance of the claim is $70,526.99, plus interest accruing after September 21, 2011, at the rate specified in the plan (4.35% *per annum*), less payments received after that date. The plaintiff has submitted a copy of a portion of the bank's transaction history, and it does include the payments that the defendant contends were applied after the filing of the amended proof of claim to the extent that they were made by May 30, 2012, which is the cutoff date on the transaction history. However, it also reflects numerous other payments that were credited to the account, some received from the defendant's attorney and others received from unidentified sources. Those additional payments total $91,900.44. All were applied to principal, although there were offsetting principal increases with respect to four of the payments, totaling $63,515.00. Thus, there is a genuine issue of material fact regarding the balance of the allowed claim. Although some of the additional payments may not represent payments actually received but

may reflect book entries, absent an explanation from the defendant the court cannot at this time accept its assertions regarding the payments made after proof of claim no. 2-4 was filed.

On the other hand, the court rejects the plaintiff's argument that the claim should be credited for the full Loveless settlement amount, even though the settlement agreement required the payment of that amount in sixty monthly installments and those monthly payments have not been completed. The plan provides that codebtor contributions are to be deducted, but the court construes the plan language as requiring the crediting of payments actually made by codebtors and not amounts that the codebtors merely *agree* to pay over time. That conclusion is underscored by the fact that the Loveless settlement could be abrogated by its own terms in the event of a default in the monthly payments, in which case the amount owed by those codebtors would more than double.

### III.

For the foregoing reasons, the court will enter an order granting the defendant partial summary judgment determining that the plaintiff is entitled to a credit only for payments actually received from the Lovelesses and not additional amounts that they agreed to pay, but otherwise denying the defendant's motion for summary judgment. In addition, as mentioned above, the court will grant partial summary judgment to the plaintiff, determining that the balance of the claim asserted by proof of claim no. 3 is zero.

###